IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CARLOS ORTEGA-ESTRELLA,

        Defendant.

Case No. 3:17-cr-00377-MO-1

OPINION AND ORDER


MOSMAN, J.,

Defendant, Carlos Ortega-Estrella, filed a Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. §2255 [ECF 42]. He asserted four claims of ineffective assistance of counsel. Def.'s Mot. [42] at 13-16.[1] The United States responded. Gov't. Resp. [ECF 63]. For reasons explained below, Mr. Ortega-Estrella's § 2255 motion is DENIED for failing to state a claim.

## BACKGROUND

Mr. Ortega-Estrella pleaded guilty to one count of Possession with the Intent to Distribute Methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A); Plea Agreement [ECF 21] at 1. This court sentenced him to 140 months in prison, which represented a significant downward variance from the presumptive sentence under the federal guidelines (262-327 months). J. and Commitment [ECF 40] at 2; Presentence Investigation R. [ECF 36] at 1. Mr. Ortega-Estrella has not appealed

---

[1] The court uses ECF page numbers when citing to Mr. Ortega-Estrella's motion.

his conviction, but he filed this motion to vacate pursuant to § 2255 about three weeks after the entry of his conviction. Def.'s Mot.[42] at 10.

In September 2017, agents from the Drug Enforcement Administration arrested Mr. Ortega-Estrella following a controlled buy. Presentence R. [36] at 1. On his person was 7.5. kilograms of methamphetamine and nearly $6,000 in cash. *Id.* Agents later searched his two homes and found seven firearms, including two assault-style rifles, drug-packaging material, more than nine kilograms total of methamphetamine, heroin, and cocaine, drug-packaging material, and more than $95,000 in cash. *Id.*

Mr. Ortega-Estrella's drug offense was initially subject to two sentencing enhancements: possession of a dangerous weapon (here, firearms) and maintaining a premises for the purpose of manufacturing or distributing controlled substances. Presentence R. [36] at 6. These enhancements were mostly offset by reductions for accepting responsibility and aiding authorities in their further investigations. *Id.* at 6-7. After these adjustments, the minimum sentence for Mr. Ortega-Estrella was 120 months (10 years), and the federal guidelines' recommended imprisonment range was 262 months to 327 months (about 22-27.25 years). *Id.* at 11.

At sentencing, the government agreed to a significant downward variance and recommended a sentence of 168 months' imprisonment. Ex. C to Gov't. Resp. [ECF 65-Attach. 1] at 4-5. The United States Probation Office recommended 120 months. Presentence R. [36] at 1. Defense counsel, Mr. Jeffrey Turnoy, recommended a departure below the statutory minimum sentence, and while he did not recommend a specific term of imprisonment, he suggested 48 months as a guidepost based on sentencing by other judges in the U.S. District Court of Oregon. Ex. C [65-1] at 8-9.

I sentenced Mr. Ortega-Estrella to 140 months, which fell between the statutory minimum recommended by the probation office and the higher sentence suggested by the United States. In doing so, I took several factors into account. I found that the sentencing guidelines—including the enhancements—accurately reflected Mr. Ortega-Estrella's culpability and the severity of his offense. Ex. C [65-1] at 12. On the other hand, I considered as mitigating factors Mr. Ortega-Estrella's difficult childhood, the effect of his imprisonment on his family, and the fact that he would be deported following the completion of his sentence. *Id.* at 4, 12-14.

It is against this backdrop that Mr. Ortega-Estrella alleges that he received constitutionally ineffective assistance of counsel. Specifically, he makes the following arguments: (1) defense counsel failed to investigate and prepare mitigating evidence and failed to file a motion to suppress allegedly erroneous evidence presented by the United States; (2) counsel gave misleading and inaccurate advice prior to Mr. Ortega-Estrella signing the plea agreement; (3) counsel advised Mr. Ortega-Estrella to give misleading responses to the court; and (4) counsel failed to make arguments during the sentencing hearing that could have secured Mr. Ortega-Estrella the lower sentence counsel had allegedly promised him. Def.'s Mot. [42] at 13-16.

As explained below, none of Mr. Ortega-Estrella's claims meet the very high bar necessary to prove a claim of ineffective assistance of counsel.

## LEGAL STANDARD

A person in custody under federal law may move to have his sentence vacated on one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A prisoner may bring a claim asserting ineffective assistance of

counsel under the Sixth Amendment for the first time on a § 2255 motion to vacate. *U.S. v. Span*, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

## DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a movant must show that (1) counsel's performance was "deficient" and (2) the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test is "applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

To satisfy *Strickland*'s prejudice prong, a movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. In the case of a plea, a defendant is prejudiced if, but for the deficient performance, he would have "gone to trial or received a better plea bargain." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015); *see also Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

## I.    Claims One, Three, and Four

Three of Mr. Ortega-Estrella 's arguments—failure to investigate, failure to advise at sentencing, and failure to present mitigating evidence—do not give rise to a colorable claim under *Strickland* because Mr. Ortega-Estrella 's arguments allege conduct that amounts to strategic choices a reasonable attorney could make. *Strickland,* 466 U.S. at 689-71 (imposing a strong presumption that investigative decisions constitute reasonable strategic choices). Whether to hire a private investigator or whether to file a motion to suppress, for example, amount to

strategic decisions that are entitled to deference, without more information from Mr. Ortega-Estrella. For example, Mr. Ortega-Estrella does not allege that a psychologist would have found that he had a serious mental health disorder or that an investigator would have discovered evidence of his innocence. In the absence of more information, these allegations to not amount to ineffective assistance.

Further, Mr. Ortega-Estrella cannot show that he was prejudiced by any of defense counsel's conduct described in these three arguments. As noted above, a Mr. Ortega-Estrella who moves to vacate a guilty plea must show that, absent defense counsel's error, he would have gone to trial or received a better plea bargain. *Rodriguez-Vega*, 797 F.3d at 788. None of these claims tend to show that level of prejudice. In fact, the record shows that I did consider several mitigating factors when I calculated Mr. Ortega-Estrella 's sentence, and he received a sentence that amounted to a downward variance from the sentence the government recommended. Under the circumstances, there is no evidence in the record that the conduct alleged in Mr. Ortega-Estrella's first, third, and fourth arguments resulted in prejudice to his case, and they therefore do not state a claim for ineffective assistance of counsel under *Strickland*.

## II.    Claim Two

Mr. Ortega-Estrella's second claim for relief also does not present grounds for relief under § 2255 but for a slightly different reason. Mr. Ortega-Estrella alleges that he originally rejected the plea agreement offered by the government. Def.'s Mot. [42] at 14. According to Mr. Ortega-Estrella 's brief, defense counsel was "adamant" that Mr. Ortega-Estrella sign the agreement, over Mr. Ortega-Estrella's concerns that the sentence listed in the plea did not match the sentence defense counsel asserted that Mr. Ortega-Estrella would receive. *Id*. Specifically,

Mr. Ortega-Estrella alleges that defense counsel told him he could receive as little as 36 months in prison if he signed the plea and that if he did not, he would "surely get life." *Id.*

For his part, defense counsel does not refute these allegations. In his declaration, he testified that he told defendant that he intended to recommend a sentence of 36 months if pressed by the court. Ex. A to Gov't. Resp. [ECF 70] at 3. He also testified that he advised Mr. Ortega-Estrella that "if he took his case to trial and lost, his sentencing guideline would have been 360 months to life imprisonment." *Id.* at 4. And the government argues that Mr. Ortega-Estrella swore under oath at the plea hearing that he signed the agreement voluntarily and that this statement carries a presumption of truth. Gov't. Resp. [63] at 12-13 (citing *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012).

Defense counsel was correct in the information he gave Mr. Ortega-Estrella. Had the case gone to trial, the presumptive sentence would have been 360 months to life imprisonment (offense level 42). Presentence R. [36] at 9. And while 36 months was an unlikely result, a greatly reduced sentence for a first-time offender was not out of the question. Certainly, a sentence below 120 months was well within the realm of possibility. Giving a defendant accurate advice about the potential consequences of a plea deal or a decision to go to trial does not constitute ineffective assistance. *Cf. Iaea v. Sunn*, 800 F.2d 861, 865-66 (9th Cir. 1986) (offering a defendant inaccurate information or "gross mischaracterizations" prevents a defendant from making a knowing and intelligent plea and constitutes ineffective assistance). Because defense counsel offered accurate advice as to the consequences of Mr. Ortega-Estrella's available choices, he did not provide ineffective assistance, and Mr. Ortega's second claim for relief also fails.

//

**CONCLUSION**

For the reasons stated above, Mr. Ortega-Estrella's Motion to Vacate or Correct Sentence

Under 28 U.S.C. § 2255 [42] is DENIED.

IT IS SO ORDERED.

DATED this 22 day of November, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge